{¶ 21} By complaint filed on July 21, 2005, defendant was charged with obstructing official business in violation of R.C. 2921.31. Specifically, the complaint alleged that defendant "without privilege to do so and with purpose to delay the performance by a public official, to wit: (Officer) Kevin Richards #2044, of an authorized act which was within the public official's official capacity, to wit: conducting a drug investigation, hamper or impede the public official in the performance of the public official's lawful duties, to wit: refusing to back away from Officer Richards after numerous commands, while he was inspecting a gun." At the conclusion of the evidence, and pursuant to the state's request, the trial court amended the complaint so that the language "inspecting a gun" was changed to "guarding the evidence."
 {¶ 22} In effect, defendant was charged with delaying, hampering or impeding Richards guarding the evidence. I am not sure how one hampers or delays the guarding of evidence; nor do I see how the evidence in this case supports the allegation that defendant interfered with Richards doing so. Indeed, in amending the complaint, the trial court stated to the prosecution, "Whether it helps you or hurts you, I'm going to sustain [the prosecutor's motion] and amend the complaint." (Tr. 151.)
 {¶ 23} I do not suggest defendant's conduct at the scene was appropriate. She may well be guilty of other offenses, including, at the least, disorderly conduct, but the amended allegations of the complaint are difficult, if not impossible to apply, and the evidence falls short of supporting them. For those reasons, I concur in the lead opinion's determination that the judgment of the trial court be reversed.
TRAVIS, J., concurring separately.
 {¶ 24} I concur in the separate concurring opinion and, for the reasons advanced therein, concur that the judgment below must be reversed.